Accordingly an alternative writ will be awarded.

CITY OF PATERSON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RELATOR, v. STATE HIGHWAY COMMISSION OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted October 19, 1931—Decided February 8, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the relator, *Salvatore D. Viviano* and *Charles F. Lynch.*

For the respondent, *William A. Stevens,* attorney-general, *Walter H. Bacon, Jr.,* chief counsel state highway commission, and *George T. Vickers,* assistant attorney-general.

PER CURIAM.

On petition and affidavits filed in the above entitled cause, it was ordered that the state highway commission of the State of New Jersey, show cause why a peremptory or alternative writ of *mandamus* should not issue commanding the

state highway commission of the State of New Jersey to take such steps and proceedings and enter into such negotiations as may be appropriate for the ascertainment by agreement, if possible, of the amount of compensation to be awarded and paid to the city of Paterson for the taking and/or diminution in value, or deprivation of beneficial user and enjoyment in the lands and appurtenances of the city of Paterson, consisting of seventy-three twelve-one-hundredths city lots, twenty-five by one hundred feet each, as laid out upon a certain map entitled "Boulevard Overlook avenue to Broadway, Paterson, New Jersey," made by H. J. Harder, city engineer of the city of Paterson, and upon failure or inability to agree with said city of Paterson upon the amount of such award, to institute and diligently prosecute and consummate such proceedings for the condemnation of said lands and appurtenances and/or the interest of said city of Paterson therein and/or the fixing and awarding of compensation for damages thereto sustained as are provided and directed by the provisions of the Eminent Domain act of the legislature of the State of New Jersey of 1900 and the amendments thereof and supplements thereto.

Our examination of the "stipulation of facts" results in the conclusion that sufficient appears to justify the award of an alternative writ, but not a peremptory writ. The legal right is not clear, and there seems to be some dispute as to what may well be pertinent matters of fact. In such case the court will ordinarily award an alternative writ to the end that an issue may be made and the facts ascertained, and thereby an opportunity given for review in error. *Hugg* v. *Camden*, 39 *N. J. L.* 620; *Schnitzler* v. *New York Transportation Co.* 76 *Id.* 171.

Accordingly an alternative writ will be awarded.